UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GARY FLOYD | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 04-3122 |
| | * | |
| EL PASO PRODUCTION GOM, INC. | * | SECTION "C" |

## ORDER AND REASONS[1]

This matter comes before the Court on motion for summary judgment filed by defendant G & J Land and Marine Food Distributors, Inc. ("G & J"). Having considered the record, the memoranda of counsel, and the law, the motion for summary judgment is GRANTED for the following reasons.

### I.     Summary Judgment-Standard of Review

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences

---

[1] Scott Seung-Shik Shin, a third-year law student at Tulane Law School, assisted with the research and preparation of this decision.

1

most favorable to the party opposing the motion."  Reid v. State Farm Mut. Auto. Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986).  The court must find that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law."  Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."  Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing Celotex, 477 U.S. at 322-24, 106 S.Ct at 2552-53, 91 L.Ed.2d 265 and Fed.R.Civ.P.56(e)).  The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion.  See Anderson, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d 202.  "If the evidence is merely colorable, or it is significantly probative, summary judgment is not appropriate."  Id. at 249-50, 106 S.Ct. at 2511, 91 L.Ed.2d 202 (citations omitted).

**II.     Undisputed Facts**

Plaintiff, Gary Floyd, was employed by Taylor's International Services, Inc. ("Taylor's") as a night cook working aboard an offshore platform ("Prince") owned by defendant, El Paso Production, GOM, Inc. and located on the Outer Continental Shelf off the Louisiana coast.  On November 20, 2003, plaintiff alleges that he sustained injury to his lower back when he unloaded a heavy box of groceries which had been packed by G & J.  Plaintiff has filed this action under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333, *et seq*., against El Paso

Production, GOM, Inc. and later joined G & J contending that G & J improperly "over-packed" the box.  G & J has moved for summary judgment based on the argument that it owes no duty to the plaintiff under the rule set forth in  Chavez v. Noble Drilling Corp., 567 F.2d 287 (5th Cir.1978).

**III.    Analysis**

Floyd contends that the legal, direct, and proximate cause of plaintiff's injuries was the negligence of G & J for improperly "over-packing" the box in question.  Floyd alleges that G & J put too heavy an amount of groceries in the box, and that this constitutes "improper packaging."  By contrast, defendant G & J argues that "improper packaging" means arranging goods that would present a danger to plaintiff but does not include too heavy a package.

Under Union Texas Petroleum Corp. v. PLT Engineering, Inc., 895 F.2d 1043, (5th Cir. 1990), for adjacent state law to apply as surrogate federal law under OCSLA, (1) the controversy must arise on a situs covered by OCSLA; (2) federal maritime law must not apply of its own force; and (3) the state law must not be inconsistent with federal law.  Id. at 1047.  In this case, Floyd was injured aboard an offshore platform located on the Outer Continental Shelf covered by OCSLA.  When the alleged injury occurred on such a situs, the law of the adjacent state applies.  In this case, Louisiana law applies.

The Fifth Circuit in Chavez  recognized that Louisiana law uses a "duty/risk" analysis in negligence claims,[2] and recognized that this doctrine is not inconsistent with the Restatement

---

[2] The Louisiana Supreme Court articulated a "duty/risk" analysis in Dixie Drive It Yourself System new Orleans Co., v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).  Under this analysis, for the negligence of a defendant to be a "legal" or "proximate" cause of injuries sustained by another, (1) the defendant's negligence must be a cause-in-fact of the injured person's injuries, and (2) the risk and harm encountered by the injured person must fall within the scope of protection afforded by the duty to others breached by the defendant's negligence.  Dartez v. City of Sulphur, 179 So.2d 482, 484 (1965).

Second of Torts approach of "legal cause" used in federal law because both standards involve a concept of duty or a legally-protected interest. Id. at 289. In that case, even though the plaintiff injured his back because of an unlabeled box of groceries weighing over one hundred pounds, the court granted its motion for summary judgment in favor of the grocer. Id. at 288. By applying a "duty/risk" analysis under the Louisiana law, the court held that the grocer owed *no duty to label* the boxes as to weight, stating that the only duty owed by the grocer was to properly pack the groceries and to require more would "avoid the realities of the situation and impose artificial and unrealistic standards." Id. at 289 (citing Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Malone, Ruminations on Cause-In-Fact, 9 Stan.L.Rev. 60, 72-75 (1956)).

Similarly, in Esprit v. Transco Exploration Co., 525 So.2d 579 (1988), plaintiff was injured when he attempted to lift an unmarked ice chest which had been packed by defendant. Id. at 580. By relying on Chavez, that court held that under a duty-risk analysis there was no basis for establishing legal duties or standards of conduct violated by defendant. Id. at 581. The Fifth Circuit recognized the continuing viability of the Chavez rule in Dahlen v. Gulf Crews, Inc., 281 F.3d 487 (5th Cir. 2002), where "improper packaging" did not include consideration of the order the boxes would be delivered.

In light of the strong authority provided by the Fifth Circuit in Chavez, this Court finds that G & J did not violate any duty to "properly package" the box in this matter. The plaintiff's claim is based on the weight of the box, not its packaging, and Chavez made clear that a grocer does not owe a duty to label a box as to weight. As a matter of law, G & J breached no duty owed to Floyd.

1

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by G & J Land and Marine Food Distributors, Inc. is GRANTED.  (Rec. Doc. 22).

New Orleans, Louisiana, this  17th day of May, 2006.

_____
HELEN G. BERRIGAN
U.S. DISTRICT JUDGE